GEORGE E. STERRY, Respondent, *v.* THE NEW YORK ELEVATED RAILROAD COMPANY *et al.*, Appellants.

*Court of Appeals, December* 1, 1891.

1. *Railroads. Elevated.*—The purchaser of premises, after the construction of an elevated railroad, is entitled to the fee damage thereto, accruing at least after such conveyance, by reason of its maintenance and operation.
2. *Same.*—The lessor is entitled to rental damage to premises in the possession of the lessee under a lease made after the construction of the road.

Appeal from judgment of the New York common pleas, general term, affirming judgment for plaintiff entered on referee's report.

*Julien T. Davies* and *J. C. Thomson*, for appellants.

*John A. Weekes, Jr.*, and *Henry A. Forster*, for respondent.

PER CURIAM.—The plaintiff purchased the premises in question in 1886, several years after the construction of the railroad, and hence the defendants claim that he is not entitled to any fee damage on account of the maintenance and operation of the railroad. Our decision in Pappenheim *v.* Metropolitan El. R. Co., 128 N. Y. 436 ; 40 St. Rep., 445, is an answer to this claim.

The defendants further claim that the plaintiff was not entitled to any rental damage, because the premises were in the possession of his tenants. To this claim our decision in

Kernochan *v.* N. Y. El. R. R. Co., 128 N. Y. 559; 41 St. Rep. 110, is an answer.

The judgment should be affirmed, with costs.

All concur, except EARL, J., not voting.